UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK S. URIOSTE,
  Plaintiff,

vs.          No. 04-1380

NURSE C. NELSON, et.al.,
  Defendants

ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff participated in the merit review by video conference.

The plaintiff, Mark Urioste, filed his complaint pursuant to 42 U.S.C. §1983 against five defendants at Dixon Correctional Center including Nurse C. Nelson, Lieutenant E. Daniels, Counselor Ross, Acting Warden N. Chandler, and Superintendent Mary Henry.

The plaintiff says he is a prisoner in a psychiatric unit, and has a history of balance problems. Around September 26, 2004, while at the hospital to pick up a prescription, the plaintiff says he lost his balance and "grabbed or touched the nurse so I would not fall on hard floor." (Comp, p. 5) The plaintiff was accused of grabbing the nurse on purpose and received a disciplinary report for assault and sexual misconduct. The plaintiff says the disciplinary committee "illegally, unlawfully and unconstitutionally found me guilty." (Comp, p. 5)
The plaintiff says he lost privileges as a result. For instance, the plaintiff claims he was placed in segregation and denied the right to attend church and veterans meetings.

The plaintiff has not included a copy of the disciplinary report or findings. The court asked the plaintiff if he had lost good time credits as a result, but the plaintiff stated that he no good time credits. Based on the information before the court, the court is unable to determine whether the plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)( stating that a suit that seeks to invalidate a state sentence requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal).

Therefore, the court finds that the plaintiff has adequately alleged that the discipline imposed on the plaintiff as a result of the September 26, 2004 incident violated the plaintiff's due process rights. In addition, although not abundantly clear from the plaintiff's complaint, it appears the plaintiff is claiming the discipline imposed violated his First and Eighth Amendment rights.

The claims are stated against the defendants in their individual capacities only.

The plaintiff has also filed two motions for declaratory judgement. [d/e 3, 5]   The motions are stricken.  These are inappropriate filings.  The defendants have not even been served with a copy of the complaint in this case.  In addition, the motions mention matters that are not the subject of the plaintiff's complaint such as problems with medical care.   Lastly, the plaintiff has filed a letter with the court that complains about problems he is having in the Dixon Correctional Center.  The plaintiff is admonished that he is not to send letters to the court.  The plaintiff may file motions or responses to motions and court orders.  The plaintiff must provide a copy of any motion to counsel for the defendants when the defendants are served.  In addition, the plaintiff is not to file documents in this case that do not pertain to his complaint.

Lastly, the court granted the plaintiff's motion to proceed in forma pauperis. [d/e 1] The plaintiff may proceed without payment of an initial partial filing fee.  A scheduling order is to be entered, and the clerk is to deliver copies of the complaint along with service and summons forms to the U.S. Marshal's Office.

IT IS THEREFORE ORDERED that:

1) The plaintiff has adequately alleged that the disciplinary hearing and resulting discipline imposed as a result of the September 26, 2004 incident violated his constitutional rights as outlined in this order.   The claims are against the defendants in their individual capacities only.

2) The plaintiff's motion to proceed in forma pauperis is granted. [d/e 1] The plaintiff may proceed without payment of an initial partial filing fee.  A scheduling order is to be entered.

3) The plaintiff's motions for declaratory judgement are striken. [d/e 3, 5]

4) The clerk of the court is directed to fill out the appropriate summons and service forms and provide the forms along with copies of the complaint to the U.S. Marshal's for service of process.

Entered this 21st day of December, 2004.

                     **s\Harold A. Baker**
                _____
                         HAROLD A. BAKER
                 UNITED STATES DISTRICT JUDGE