**E-FILED**
Monday, 28 November, 2005  01:41:42 PM
Clerk, U.S. District Court, ILCD

Urioste vs. State

| | |
|---|---|
| **STATE OF ILLINOIS** | ) |
| | ) |
| **COUNTY OF SANGAMON** | ) |

## AFFIDAVIT

I, JACKIE D. MILLER, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am a Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections ("the Department") and have held this position since January 1, 2003. Prior to this position I was an Assignment Coordinator for the Transfer Office since January 1, 2000. I have been employed by the Department in various capacities since 1995. As an Administrative Review Board Chairperson, my duties involve, among other things, reviewing and responding to grievances filed by Department inmates.

2. Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts, or for example, involves a disciplinary proceeding, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or other witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO, or CAO's designee's, decision is then submitted to the grieving inmate.

3. If, after receiving the CAO's decision the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate,

**DEFENDANT'S
EXHIBIT
2**

examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or Director's designee who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB's files. Department Rule 504F: Grievance Procedures for Committed Person provides no further means for review beyond this step.

4. Certain issues may be grievance directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

   a. Decisions involving the involuntary administration of psychotropic medication;

   b. Decisions regarding protective custody placement, including continued placement in or release from protective custody;

   c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

   d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

These grievances are then handled in accordance with the procedures described in paragraph 3 above.

5. An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedure described in paragraph 3 above.

6. The grievance procedure may not be utilized for complaints regarding decisions, which are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions, which have been reviewed by the Director.

7. At the request of the Attorney General's Office I have searched the Administrative Review Board records regarding Mark Urioste No. N87529 and found the following: A review of ARB records indicate that Mark Urioste No. N87529 did not file a grievance in accordance with departmental rule

504, regarding a disciplinary report dated September 26, 2004 or being denied the practice of his Catholic Religion while at Dixon Correctional Center. I have read the foregoing and affirm that the facts contained herein are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_Jackie D. Miller_

SUBSCRIBED AND SWORN TO
Before me this 23rd day of November 2005.

NOTARY PUBLIC

> OFFICIAL SEAL
> MELODY J. FORD
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 8-6-2007