UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK S. URIOSTE,
   Plaintiff,

vs.                                     No. 04-1380

NURSE C. NELSON, et.al.,
   Defendants

### ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement [d/e 34]; the plaintiff's motion for default judgement [d/e 40] and the plaintiff's motions for declaratory judgement. [d/e 40, 42]

### I. BACKGROUND

The plaintiff, Mark Urioste, filed his complaint pursuant to 42 U.S.C. §1983 against five defendants at Dixon Correctional Center including Nurse C. Nelson, Lieutenant E. Daniels, Counselor Ross, Acting Warden N. Chandler, and Superintendent Mary Henry. On December 21, 2004, the court conducted a merit review of the plaintiff's complaint. The court found that the plaintiff had adequately alleged that discipline imposed as a result of the September 26, 2004 incident violated the plaintiff's due process rights. In addition, although not abundantly clear from the plaintiff's complaint, the court found that the plaintiff had alleged that the discipline imposed violated his First and Eighth Amendment rights.

The defendants have filed a motion for summary judgement. The plaintiff was notified that the dispositive motion had been filed and he had 21 days to file a response. *See* November 30, 2005 Text Order. Nonetheless, the plaintiff has failed to file a specific response to the motion. Instead, the plaintiff has filed two motions for declaratory judgment and motion for default. The plaintiff's first motion does not appear to address the claims in the plaintiff's complaint. [d/e 40] The plaintiff's second motion does address the issues in the complaint. [d/e 42] Neither is a proper motion for default or declaratory judgement. The court will deny both motions, but will consider any arguments in response to the summary judgement motion.

### II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

1

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(C).  A "material fact" is one that "might affect the outcome of the suit."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

### III. ANALYSIS

The defendants argue that the court must dismiss the plaintiff's complaint because he failed to exhaust administrative remedies.  Before the court can even consider the claims in the plaintiff's complaint, it must consider whether the plaintiff has exhausted his administrative remedies.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The plaintiff filled out a standard complaint form which has a section regarding exhaustion of administrative remedies.   The plaintiff marked the boxes indicating that he did file a grievance and he did complete the grievance process.  However, in the section concerning whether the plaintiff filed a grievance specifically concerning the facts of this case, the plaintiff marked "yes," but then wrote "does not apply." (Comp., p. 3) The plaintiff has not provided a copy of any grievance, nor has he provided any letter from the Administrative Review Board demonstrating that he had completed the grievance process.  The plaintiff provides no evidence that he even attempted to exhaust his administrative remedies.

The Chairperson of the Office of Inmate Issues, Jackie Miller, says she has searched the records of the Administrative Review Board for documents from the plaintiff, and discovered that he did not file a grievance in accordance with department rules regarding the issues in his complaint.   It is not entirely clear if that means the plaintiff never filed a grievance, did not file a grievance properly, or did not appeal a grievance.  Nonetheless, it is clear the plaintiff did not

properly exhaust his administrative remedies before filing this lawsuit.  Therefore, the court must dismiss this case in accordance with 42 U.S.C.§1997e(a).

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for default or declaratory judgement are denied. [d/e 40, 42]**

**2) The defendants' motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 34]  The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this ___28th____ day of June, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE