UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK S. URIOSTE,
  Plaintiff,

vs.                    No. 04-1380

NURSE C. NELSON, et.al.,
  Defendants

ORDER

    This cause is before the court for consideration of the plaintiff's motion to vacate judgement [d/e 52], motion for leave to proceed in forma pauperis on appeal [d/e 55] and motions to continue. [d/e 56, 57]

    The plaintiff, a state prisoner, originally filed his complaint pursuant to 42 U.S.C. §1983 against five defendants at Dixon Correctional Center including Nurse C. Nelson, Lieutenant E. Daniels, Counselor Ross, Acting Warden N. Chandler, and Superintendent Mary Henry.

    On June 28, 2006, the court granted the defendants' motion for summary judgement based on the plaintiff's failure to exhaust his administrative remedies. The plaintiff has now filed a "Motion to Vacate Judgement."[d/e 52] A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff's motion was filed well after the judgement in this case so the court will consider this a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

    A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

    The plaintiff's motion makes no reference to any attempts to exhaust his administrative remedies for the claims in his complaint. Therefore, the plaintiff's motion to vacate judgement is denied. [d/e 52]

    The plaintiff has also filed a motion to proceed in forma pauperis on appeal. [d/e 55] Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. See *Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The plaintiff has not stated any basis for his appeal and the court is unable to find any good faith basis for appeal.

However, the United States Court of Appeals for the Seventh Circuit has ruled that where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who doubts that the appeal is in good faith should give the plaintiff an opportunity to submit a statement of his grounds for appealing. *See Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999). Therefore, the court will allow the plaintiff time to submit a brief stating his grounds of appealing the court's June 28, 2006 opinion.

Lastly, the plaintiff has filed two motions asking for additional time. [d/e 56, 57] The plaintiff asks for a 30 day continuance. He states that he will be released from the Illinois Department of Corrections and would like time to hire counsel. The plaintiff does not provide a release date. In addition, the only issue is whether the plaintiff exhausted his administrative remedies. Nearly 30 days have passed since the plaintiff filed his motions. The court will allow the plaintiff some additional time to file his brief stating the reasons for his appeal. Therefore, his motions are denied as moot.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to vacate judgement is denied. [d/e 52]**

**2) The plaintiff must submit a brief informing the court of his grounds for appealing within fourteen (14) days from the date of this order. If the plaintiff fails to respond within the time specified, the court will make an assessment of the issue of good faith without further consideration.**

**3) The defendants may respond to plaintiff's brief within seven ( 7) days of service of said brief.**

**4) The plaintiff's motions for additional time are denied. [d/e 56, 57]**

Entered this 26th day of September, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE